UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: GRAND JURY INVESTIGATION 2011R00774 | Case No. 11-CR-90758 JSC<br><br>**ORDER GRANTING MOTION TO EXONERATE SURETY AND RELEASE BOND AS TO FUDONG YANG**<br><br>Dkt. No. 57 |

Now pending before the Court is the motion of Fudong Yang to exonerate his surety and release the $750,000 bond pursuant to Federal Rule of Criminal Procedure 46(g). (Dkt. No. 57.) Having considered the parties' briefs and having had the benefit of oral argument on June 9, 2015, the Court hereby GRANTS Mr. Yang's motion and orders the government to EXONERATE the surety and RELEASE the bond.

## BACKGROUND

Mr. Yang initially appeared before the Court in September 2011 on a material witnesses warrant pursuant to 18 U.S.C. § 3144 after having entered into a cooperation agreement with the government. In December 2011, he was permitted to return to China once his employer, Pangang Titanium Industry, Co., Ltd., posted a $750,000 bond as a surety for Mr.Yang's subsequent appearance and testimony at trial in *United States v. Liew*, No. 11-cr-573 JSW. Pursuant to the Court's Order, the bond was to be returned once Mr. Yang "fulfilled his cooperation by testifying at trial, submitting to a Rule 15 deposition [], or after the passage of 24 months, whichever comes first." (Dkt. No. 33 at ¶ 5.) On the eve of the expiration of the Bond Order, the government moved to extend the deadline to February 1, 2014. The Court granted the request and the Bond Order was modified to require that "once the parties agree that Mr. Yang has fulfilled his cooperation by testifying at trial, or by February 1, 2014, whichever occurs first, the $750,000" shall be returned. (Dkt. No. 49 at 3:7-9.)

Two days later, the government mailed Mr. Yang's counsel a letter stating in relevant part:

> Pursuant to Judge Corley's modification, we would like Mr. Yang to testify prior to February 1, 2014. Jury selection begins on January 6, 2014, and testimony is likely to commence on January 7. We propose having Mr. Yang testify sometime during the week of January 13, 2014, unless a time later in the month would be more convenient.
>
> Please let us know the status with regard to your client's travel to the United States for trial. We are prepared to assist in obtaining the appropriate visa and making travel arrangements at government expense, once we get details from you as to whether your client is available the week of January 13.

(Dkt. No. 58, Ex. B.)

Mr. Yang thereafter contacted his employer to obtain a certificate approving his travel, which he needed to obtain his passport, but his request was denied because the "United States did not formally request my presence to testify pursuant to the Judicial Assistance Agreement ["MLAA"] that has been entered into between the United States and China." (Dkt. No. 59, Yang Decl. ¶ 4.) Upon learning of these issues, Mr. Yang's counsel sent an email to the government on January 10, 2014 stating "let me know when you can talk about Mr. Yang." The government did not respond to the email. (Dkt. No. 58, Niespolo Decl. at ¶¶ 2, 6; Ex. C.) Instead, on February 4, 2014—three days after the expiration of the Court's Modified Bond Order—the government sent an email to Mr. Yang's attorney stating "we are likely to rest tomorrow or Thursday. Just wanted to see whether there was any news on Yang Fudong." (*Id.* at Ex. D.) Mr. Yang's counsel responded that same day, forwarding his January 10 email and stating in part "please see my email below where I reached out to you to talk about Mr. Yang and testimony. At this point in time, and not having heard anything from you until today, I have nothing additional to report." (*Id.* at Ex. E.) The government responded in part "I didn't see your email when it came in – was prepping witnesses that day and must have missed it." (*Id.* at Ex. F.)

Nothing further occurred with respect to Mr. Yang until he filed the now pending motion to exonerate his surety and release the bond. (Dkt. No. 57.) The government opposes the motion contending that the bond should be forfeited as Mr. Yang did not appear to testify. (Dkt. No. 55.)

Following oral argument, the government submitted a request to supplement the record

2

with a copy of an email communication from government counsel to Mr. Yang's counsel on December 30, 2013. Later that day it submitted yet another request, this request seeking to include the witness's grand jury testimony from November 29, 2011. Neither request explains why this material was not submitted with the government's opposition brief.

The Court will not consider these untimely submissions. First, the submissions blatantly violate the Local Rules of this Court. Northern District of California Criminal Local Rule 47-2 (Noticed Motion In A Criminal Case) governs the pending motion. Rule 47-2 mandates that any opposition to a noticed motion in a criminal case "*shall* comply with Civil L.R. 7-3(b), (c) and (d)." N.D. Cal. Crim. L.R. 47-2(d). Civil Local Rule 7-(d) states: (d) Supplementary Material. Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except as follows." The exceptions do not apply here. The government's request does not even acknowledge this Rule, let alone explain why it should not apply to the government.

Second, even though Criminal Local Rule 47-2 requires an opposition to a noticed motion to be "filed not more than 7 days after the motion is filed," Crim. L.R. 47-2(d), the government filed its opposition *50 days* after receipt of Mr. Zhuang's motion to exonerate the bond. Again, no explanation is given for why the government believes the Rules do not apply to its motion practice. For this reason alone the Court could strike the government's opposition as untimely and grant the motion to exonerate. In any event, given that the government took nearly two months to respond to the motion, there is no reason that it could not have included the supplemental material with its opposition brief; indeed, that it submitted the material within hours of oral argument shows that the material was readily accessible to the government. By waiting until after the Court had reviewed the material and heard oral argument, the government deprived the Court of the opportunity to inquire of the parties as to those facts at oral argument. The government also deprived the movants of the opportunity to respond to the new material. The work of the district court would come to a grinding halt, or at least would slow down considerably, and expenses to the parties would mount, if parties could simply wait until oral argument to decide if they want to submit additional material. That is not how the administration of justice works. The government's violation of the Rules is especially egregious given that at oral argument the

government did not even ask if it could submit supplemental material, even though it unilaterally did so within hours of the argument. Accordingly, the government's unexplained requests to file additional evidence following submission of the motion are DENIED.

## DISCUSSION

Federal Rule of Criminal Procedure 46(g) provides that the court must "exonerate the surety and release any bail when a bond condition has been satisfied or when the court has set aside or remitted the forfeiture." *Id.*; s*ee also United States v. Sortini*, 497 F. App'x 738, 739 (9th Cir. 2012) ("FRCP 46(g) requires a district court to release bond monies when a bond condition has been satisfied.")

Here, the Court's Modified Bond Order stated that "Once the parties agree that [Mr. Yang] has fulfilled his cooperation by testifying at trial, or by February 1, 2014, whichever occurs first, the $750,000 deposited with the Clerk of the court shall be returned within 14 days..." (Dkt. No. 49 at 3:7-9.)   The government made no effort to procure Mr. Yang's appearance at trial prior to the expiration of the Bond Order.  Although Mr. Yang's counsel responded to the government's December 16, 2013 letter on January 10 and attempted to discuss Mr. Yang's appearance, the government did not respond until three days after the Order's expiration and on the eve of the conclusion of its case in chief.  The government cannot credibly argue that it made any meaningful attempt to secure Mr. Yang's presence at trial and, indeed, the Court finds that it did not intend to call Mr. Yang at trial.

Accordingly, the surety is hereby EXONERATED and the bond shall be RELEASED forthwith.  The Clerk shall issue the check returning the $750,000 security payable to the surety's law firm, Quinn Emanuel.

This Order is stayed 48 hours to allow the government time to consider whether to file an appeal.  Thereafter, the Order will be stayed while an appeal, if any, is pending.

**IT IS SO ORDERED.**

Dated: June 10, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4